UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

TRENT CARR,

                Plaintiff,                Case No. 2:12-cv-373

v.                                              Honorable Gordon J. Quist

JANICE YOAK,

                Defendant.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated at the Macomb Correctional Facility, but the events giving rise to his complaint occurred while he was being held at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, Plaintiff sues LMF Librarian Janice Yoak.

On July 21, 2010, the United States District Court for the Eastern District of Michigan denied Plaintiff's motion for relief from judgment in a habeas corpus action. *See Carr v. Warren*, No. 2:05-cv-073763 (E.D. Mich.). Under FED. R. APP. P. Rule 4(a), Plaintiff had thirty days, until August 20, 2010, to file a notice of appeal in the Sixth Circuit. However, according to his complaint, Plaintiff believed that he had until August 26, 2010, to file his notice of appeal. On August 18, 2010, Plaintiff submitted a request to the law library to make copies of documents that he intended to attach as exhibits to his motion for certificate of appealability. Plaintiff claims that Defendant Yoak improperly denied the request on the ground that Plaintiff failed to submit a copy of the motion for certificate of appealability along with the request. Plaintiff contends that he was not required to submit the motion for certificate of appealability because he was not seeking an indigent loan for the copies, but was paying for them out of his prisoner account. Thereafter, Plaintiff finished his motion for certificate of appealability and submitted it along with his copy request on August 22, 2010. The copy request was approved the following day. Plaintiff received the copies on August 25, 2010, and mailed his motion for certificate of appealability to the Sixth Circuit on the same day.[1]

The court of appeals received Plaintiff's motion for certificate of appealability on August 30, 2010, and construed it as a notice of appeal. Because Plaintiff's notice was filed after

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

the thirty-day deadline and Plaintiff had not moved for an extension of time in the district court, the Sixth Circuit ordered Plaintiff to show cause why his appeal should not be dismissed for failure to comply with FED. R. APP. P. Rule 4(a). *See Carr v. Warren*, No. 10-2156 (6th Cir. Sept. 22, 2010). In response to the court's order, Plaintiff filed a pleading explaining the delay caused by Defendant Yoak in making Plaintiff's legal copies. In an order issued on November 16, 2010, the Sixth Circuit found that Plaintiff failed to show cause for the untimely filing of his notice of appeal. *See Carr v. Warren*, No. 10-2156 (6th Cir. Nov. 16, 2010). The court noted that the documents were signed by Plaintiff on August 25, 2010, five days after the filing deadline for a notice of appeal. *Id*. The court further stated, "As Carr has offered no evidence of the date on which he submitted his notice of appeal to prison officials for copying beyond vague and unspecified language about it taking 'a few days' for prison officials to return his copies to him, we cannot grant him the requested relief." *Id*. Consequently, the court dismissed Plaintiff's appeal.

Plaintiff contends that by causing a delay in production of his legal copies, Defendant Yoak caused his appeal to be dismissed in violation of his right of access to the courts. He seeks monetary damages of $330,000.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland*

*v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.

In this case, Plaintiff alleges an injury inasmuch as his appeal was dismissed by the Sixth Circuit. Plaintiff, however, cannot show that the injury was caused by Defendant Yoak. Having misinterpreted the court rule or miscounted the days, Plaintiff believed that he had until August 26, 2010, to file his notice of appeal when the deadline actually was August 20. Plaintiff submitted his first request for copies on August 18, 2010, just two days before the deadline. As a result of Plaintiff's miscalculation of the filing deadline, Defendant Yoak had no way of knowing that Plaintiff had only two days remaining in which to file his notice of appeal. Moreover, it is clear from the complaint that Plaintiff had not yet finished his motion for certificate of appealability at the time he submitted the copy request on August 18. It was not until August 22, two days after the deadline for filing his notice of appeal had passed, that Plaintiff completed the motion and re-submitted the copy request. Even if Plaintiff had received the copies that day, his notice of appeal would have been untimely. Thus, it was not the three-day delay in making the copies from August 22 to 25 that caused the notice of appeal to be untimely. Furthermore, the court of appeals gave

Plaintiff an opportunity to show cause why his appeal should not be dismissed as untimely, but Plaintiff failed to establish that the delay was attributable to the prison law library or Defendant Yoak. Plaintiff, therefore, fails to state a First Amendment claim against Defendant Yoak.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: October 19, 2012                                        /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE